UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00075-HBB

HARRISON MELTON                                                          PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff, Harrison Melton, for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DN 20). Defendant, Andrew Saul, Commissioner of Social Security ("Commissioner"), has filed a response (DN 21). Melton's time to reply has expired. For the reasons set forth below, Melton's motion for attorney fees under the EAJA (DN 20) is **DENIED**.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 22). This matter is ripe for determination.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

# FINDINGS OF FACT

Former attorney Eric Conn assisted Melton and thousands of other individuals in obtaining Social Security disability benefits (DN 20 PageID # 76). *See* Lewis v. Comm'r of Soc. Sec., No. 7:16-068-DCR, 2019 WL 5295187, at *1 (E.D. Ky. Oct. 18, 2019). In Melton's case, Administrative Law Judge David Daugherty (ALJ Daugherty) granted his disability application on the record (without an in-person hearing) on December 6, 2010 (DN 20 PageID # 76; DN 21 PageID # 85). Relying exclusively on a medical report submitted by Conn, ALJ Daugherty found Melton disabled from May 23, 2010 forward (DN 21 PageID # 85).

The Social Security Administration's (SSA) Office of the Inspector General (OIG) later discovered that Conn obtained benefits for many of his clients through the largest Social Security fraud in the history of the benefits program. Lewis, 2019 WL 5295187, at *1-2. From at least 2004 through 2011, Conn paid four doctors to provide medical and psychological reports opining that his clients were unable to work regardless of their actual abilities.[2] Id. To further ensure client success in obtaining benefits (and his own ability to collect attorney fees), Conn paid Administrative Law Judge Daugherty to assign these cases to himself and then issue favorable rulings. Id.[3]

On July 2, 2014, the OIG notified the SSA's General Counsel that it believed 1,787 applications submitted by Conn involved fraud. Id. at *2. The OIG relayed this information

---

[2] The doctors were identified as Bradley Atkins, Ph.D., Srinivas Ammisetty, M.D., Frederick Huffnagle, M.D., and David P. Herr, D.O. Lewis v. Comm'r of Soc. Sec., No. 7:16-068-DCR, 2019 WL 5295187, at *1 (E.D. Ky. Oct. 18, 2019). A jury convicted Atkins of conspiring to commit mail and wire fraud, mail fraud, wire fraud, and making false statements to the Social Security Administration. Id. Atkins received a sentence of 300 months imprisonment. Id.

[3] Con entered a guilty plea to theft of government money and paying illegal gratuities. Id. at *1 n. 3. He received a sentence of 144 months imprisonment on the charges. Id. Conn subsequently pled guilty to conspiring to defraud the United States, conspiring to escape, and conspiring to retaliate against a witness. Id. He received a sentence of 180 months imprisonment, to run consecutively to the 144-month sentence previously imposed. Id.

with the understanding that the SSA would not take any action against the claimants until it received further notice from the OIG. Id. On May 12, 2015, the OIG notified the Commissioner that the Agency could move forward with administrative redeterminations of the 1,787 individuals it identified on July 2, 2014. Id.

On May 18, 2015, the SSA sent letters to the affected individuals advising that it was required to redetermine their eligibility for benefits under 42 U.S.C. §§ 405(u) and 1383(e)(7). Lewis, 2019 WL 5295187, at *2. The letters advised that the SSA was not permitted to consider any evidence submitted by the physicians believed to have been involved in the fraud. Id. The letters further explained that the Appeals Council had reviewed the affected cases. Id. Many individuals still qualified for benefits after the tainted evidence had been excluded. Id. But many other individuals were deemed not qualified for benefits after the tainted evidence was excluded. Id.

The Commissioner provided these individuals with an opportunity to submit additional evidence to the Appeals Council demonstrating disability at the time their applications for benefits were initially approved. Id. If the Appeals Council concluded there was insufficient evidence to support the prior findings of disability, their cases were remanded to new Administrative Law Judges for redetermination proceedings. Id.

Melton's case was one of the many remanded to a new Administrative Law Judge for redetermination (DN 20 PageID # 76; DN 21 PageID # 85). On August 16, 2016, an Administrative Law Judge conducted a redetermination hearing (DN 20 PageID # 76). Melton was not permitted to challenge the exclusion of the Conn-submitted doctor report (DN 20 PageID # 85). In an unfavorable decision dated January 5, 2017, the Administrative Law Judge

3

found Melton was not disabled through the relevant period of May 23, 2010 to December 6, 2010 (Id.). On February 28, 2017, the Appeals Council denied Melton's appeal and affirmed the decision of the Administrative Law Judge (Id.). On June 6, 2017, Melton brought this civil action alleging that the final decision of the Commissioner did not comport with applicable legal standards, violated his due process rights, and was not supported by substantial evidence (DN 1).

Meanwhile, on October 12, 2016, then United States District Judge Amul R. Thapar issued a decision in Hicks v. Colvin, 214 F. Supp. 3d 627 (E.D. Ky. 2016). He observed that when the SSA redetermined Ms. Hicks right to disability payments it categorically excluded some of her medical evidence because the OIG had "reason to believe" the evidence was fraudulent. Id. at 630-46. Judge Thapar noted the OIG's factual assertion was crucial as it removed the only medical records Ms. Hicks could reasonably access nearly ten years after the original determination. Id. To defend her benefits Ms. Hicks needed the chance to challenge the assertion but she never got one. Id. For this reason, Judge Thapar concluded her hearing was not meaningful, and the redetermination process violated the Due Process Clause of the Fifth Amendment to the United States Constitution. Id. He remanded the case so the SSA could give Ms. Hicks adequate process which involves providing her with the opportunity to challenge the basis for excluding evidence she wishes to present. Id.

On November 15, 2016, United States District Judge Danny C. Reeves issued a decision rejecting claims of nine plaintiffs that the redetermination procedure violated the Equal Protection and Due Process clauses of the United States Constitution, the Social Security Act, and the Administrative Procedure Act (APA). Carter v. Colvin, 220 F. Supp. 3d 789 (E.D. Ky. 2016). Notably, he acknowledged the plaintiffs were not given an opportunity to rebut the OIG's

assertion that fraud was involved in their prior award of benefits. Id. at 797-804. But Judge Reeves reasoned since their revocation of benefits turned on the lack of evidence to support the initial benefits award, not the fraud allegation, and they were given a meaningful opportunity to supplement and/or develop new evidence to substitute for the excluded evidence, they have not been denied due process. Id.

In December 16, 2016, United States District Judge Joseph M. Hood issued a decision rejecting Mr. Perkins's claim that the redetermination procedure violated his right to due process and his challenge to the merits of the Commissioner's decision. Perkins v. Colvin, 224 F. Supp. 3d 575 (E.D. Ky. 2016). In doing so, Judge Hood adopted Judge Reeves reasoning in Carter. Id. at 577-80.

The plaintiffs in Carter and Perkins were permitted to take an interlocutory appeal. Lewis, 2019 WL 5295187, at * 2. The SSA filed a notice of appeal in Hicks. Id. These appeals were consolidated in the United States Court of Appeals for the Sixth Circuit. Hicks v. Comm'r of Soc. Sec., 909 F.3d 786 (6th Cir. 2018).

Meanwhile, on August 23, 2017, the Commissioner moved to stay Melton's case because of the consolidated appeals pending before the Sixth Circuit (DN 9). The Court agreed and stayed Melton's case (DN 10).

On November 21, 2018, a majority of the Sixth Circuit panel found the SSA's redetermination process violated the plaintiffs' due process rights because it did not accord them the opportunity to rebut the OIG's assertions of fraud as to the Conn-related medical reports.[4] Hicks, 909 F.3d at 796-813. A majority of the panel also concluded that the redetermination

---

[4] Judge John Rogers dissented, finding the redetermination procedure did not violate due process or the Administrative Procedures Act. Hicks v. Comm'r of Soc. Sec., 909 F.3d 786, 813-27 (6th Cir. 2018)

procedure was arbitrary and capricious and violated the APA's formal-adjudication requirements. Id. The Sixth Circuit affirmed the due process ruling in Hicks, reversed the due process and APA rulings in Perkins and Carter, and remanded for further proceedings consistent with its opinion. Id. at 813. Because the Sixth Circuit agreed with the district courts' resolutions of the Social Security Act claims in the Perkins and Carter cases it affirmed the district courts' judgments as to those issues. Id. On March 29, 2019, the Sixth Circuit denied a request for a rehearing en banc. Id. at 786.

On August 19, 2019, the Court granted the Commissioner's unopposed motion to remand Melton's case, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with of the Sixth Circuit's decision in Hicks (DN 17, 18). On the same day, pursuant to Fed. R. Civ. P. 58, judgment entered in favor of Melton (DN 19).

On September 5, 2019, Melton filed his motion for an award of attorney fees pursuant to EAJA (DN 20). In support of the motion, Melton's attorney submitted a memorandum, an itemization of time, and a proposed order (DN 20, 20-1).

## CONCLUSIONS OF LAW

The EAJA allows the award of attorney fees and other expenses against the government when the following factors are satisfied:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;

(3) The position of the government is not substantially justified; and

(4) No special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1)(A) and (B). The absence of any of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1)(A) and (B).

Remand of the case pursuant to sentence four of 42 U.S.C. § 405(g) makes Melton a prevailing party under § 2412(d)(1)(A). *See* Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 723 (6th Cir. 2012) (citing Shalala v. Schaefer, 509 U.S. 292, 300 (1993)). Twenty-one days after entry of final judgment, Melton timely filed his application for fees which includes an itemized justification for the amount requested (DN 19, 20). The Commissioner has not identified, nor has the Court found, any special circumstances that would make an award unjust. Thus, the only factor in dispute is whether the position of the SSA was substantially justified.

Melton makes a general assertion that the SSA's position was not substantially justified because it failed to apply well settled Sixth Circuit legal standards in the redetermination process (DN 20 PageID # 77). The SSA argues the OIG's notification, that it had "reason to believe" fraud was involved in the applications of over 1,700 individuals formerly represented by Conn, triggered a statutory mandate to redetermine their entitlement to benefits without considering the Conn-submitted medical evidence tainted by fraud (DN 21 PageID # 83-94 citing 42 U.S.C. §§ 405(u)(1)(A) and (u)(1)(B), 1383(e)(7)(A)(i) and (e)(7)(A)(ii)).[5]

---

[5] The Commissioner also cites *Social Security Administrative Reform Act of 1994*, H.R. Rep. No. 103-506, 103d Cong., 2d Sess. (1994), 1994 WL 188483 (May 12, 1994); *Appointment of Conferees on H.R. 4277, Social Security Administrative Reform Act of 1994*, 140 Cong. Rec. H4750-03 (1994), 1994 WL 274789 (statement of Rep. Pickle).

The SSA has the burden of demonstrating substantial justification. Scarborough v. Principi, 541 U.S. 401, 408 (2004). In Pierce v. Underwood, the Supreme Court adopted a reasonableness standard for determining whether the government's position is "substantially justified." 487 U.S. 552, 563-568 (1988). It explained that the position need not be "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id. at 565 (citations omitted). The Supreme Court elucidated that a position "can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2. "Thus, the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce, 487 U.S. at 565). The Court reviews the SSA's position in its entirety because "the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole." Comm'r of I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990).

The Court will begin with 42 U.S.C. § 405(u) which governs Title XVI claims.[6] It outlines the procedure the SSA must apply in redetermining entitlement to benefits when there is reason to believe that fraud or similar fault was involved in an application. The statute reads:

> (1) (A) The Commissioner of Social Security shall immediately redetermine the entitlement of individuals to monthly insurance benefits under this subchapter if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits, unless a United States attorney, or equivalent State prosecutor, with jurisdiction over potential or actual related criminal cases, certifies, in writing, that there is a substantial risk that such action by the Commissioner of Social Security with regard to beneficiaries in a particular investigation would jeopardize the criminal prosecution of a person involved in suspected fraud.

---

[6] The language of 42 U.S.C. 1383(e)(7), which governs Title XVI claims, is substantially similar.

(B) When redetermining the entitlement, or making an initial determination of entitlement, of an individual under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence.

(2) For purposes of paragraph (1), similar fault is involved with respect to a determination if—

(A) an incorrect or incomplete statement that is material to the determination is knowingly made; or

(B) information that is material to the determination is knowingly concealed.

(3) If, after redetermining pursuant to this subsection the entitlement of an individual to monthly insurance benefits, the Commissioner of Social Security determines that there is insufficient evidence to support such entitlement, the Commissioner of Social Security may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments.

42 U.S.C. § 405(u).

On February 25, 2016, the SSA's Office of Disability Adjudication and Review ("ODAR") published internal guidance to implement the redetermination procedure outlined in 42 U.S.C. §§ 405(u) and 1383(e)(7). HALLEX I-1-3-25 (S.S.A. Feb. 25, 2016). Consistent with §§ 405(u) and 1387(e)(7), it instructs when redetermining entitlement to benefits, the SSA must disregard any evidence if there is reason to believe that fraud or similar fault was involved in providing the evidence. Additionally, HALLEX I-1-3-25 indicates the SSA can consider any new and material evidence not tainted by fraud that is related to the period being redetermined.

Very recently District Judge Reeves analyzed to a fare-thee-well the question of whether the position of the SSA was substantially justified. Gresham, as Executrix of the Estate of Stanley Caudill v. Comm'r of Soc. Sec. No. 7:16-153-DCR, 2019 WL 5424955, at * 1-8 (E.D. Ky. Oct 23, 2019); Justice v. Comm'r of Soc. Sec., No. 7:16-059-DCR, 2019 WL 5342481, at *1-8 (E.D. Ky. Oct. 21, 2019); Cole v. Comm'r of Soc. Sec., No. 7:16-259-DCR, 2019 WL 5342491, at *1-8 (E.D. Ky. Oct. 21, 2019); Lewis v. Comm'r of Soc. Sec., No. 7:16-068, 2019 WL 5295187, at *1-8 (E.D. Ky. Oct. 18, 2019); Howard v. Comm'r of Soc. Sec., No. 7:16-051-DCR, 2019 WL 5191831, at *1-8 (E.D. Ky. Oct. 15, 2019). In each of the cases he concluded the SSA was substantially justified in believing the redetermination process provided plaintiffs with due process of law and comported with the APA. Id. Because the position of the SSA was substantially justified, Judge Reeves denied the plaintiffs' motions for attorney fees under EAJA. Id.

While Judge Reeves's thorough analysis is persuasive, there appears to be a more concise but effective way of assessing whether the position of the SSA was substantially justified. As mentioned above, then District Judge Thapar concluded the SSA's redetermination process violated the plaintiffs' due process rights. Hicks, 214 F. Supp. 3d at 630-46. But District Judges Hood and Reeves determined that it did not nor did it violate the APA. Perkins, 224 F. Supp. 3d at 577-80; Carter, 220 F. Supp. 3d at 797-804. A majority of the Sixth Circuit panel found the SSA's redetermination process violated the plaintiffs' due process rights and the APA's formal-adjudication requirements. Hicks, 909 F.3d at 796-813. But Judge Rogers dissented because he concluded it did not violate them. Id. at 813-27. The conclusions of these judges, if nothing more, illustrate the SSA's position involved an unsettled question upon which reasonable minds

could disagree.  <u>Justice</u>, 2019 WL 5342481, at *7.  Thus, the SSA's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.  *See* <u>Jankovich</u>, 868 F.2d at 869.  For this reason, the Court concludes the position of the SSA was substantially justified

## ORDER

**IT IS HEREBY ORDERED** that Melton's motion for attorney fees under the EAJA (DN 20) is **DENIED**.

October 29, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:		Counsel